## B. V. D. Co., Appellant, v. Kaufmann & Baer Co.

*Trade-mark—Unfair competition—Equity—Injunction—Pleading—Demurrer.*

1. Anything done by a rival in the same business, by imitation or otherwise, designed or calculated to mislead the public in the belief that, in buying the product offered by him for sale, they were buying the product of another manufacturer, is unfair competition and in fraud of such other's rights, and will afford just ground for equitable interference.

2. A demurrer to a bill in equity should be sustained, where the bill avers that plaintiff was the owner of a trade-mark on underwear, that defendant in numerous instances when asked by customers for plaintiff's brand of underwear, had passed off other makes, and that these acts were for the sole and deliberate purpose to deceive and defraud the public as well as to cheat the complainant.

Argued Oct. 17, 1921. Appeal, No. 159, Oct. T., 1921, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 12, dismissing bill in equity, on demurrer, in case of B. V. D. Co. v. Kaufmann & Baer Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Bill in equity for injunction and accounting. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Joseph Stadtfeld,* for appellant.—Under the Act of 1905 the sale and delivery by defendant of goods other than those of complainants on requests of orders for "B. V. D." garments was a violation of complainants' rights: Portuondo Cigar Mfg. Co. v. Cigar Mfg. Co., 222 Pa. 116; McLean v. Fleming, 96 U. S. 245.

The acts of defendant constitute unfair competition: Lawrence Mfg. Co. v. Mfg. Co., 138 U. S. 537; McLean v. Fleming, 96 U. S. 245; Saxlehner v. Siegel Cooper Co., 179 U. S. 42.

Under the case of Scranton Stove Works v. Clark, 255 Pa. 23, complainant is entitled to the relief prayed for.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* with him *Sachs & Caplan,* for appellee.—The Pennsylvania trade-mark law has no application to this case.

The case at bar is squarely ruled by Scranton Stove Works v. Clark, 255 Pa. 23.

OPINION BY MR. JUSTICE KEPHART, January 3, 1922:

Plaintiff filed a bill in the court below to restrain unfair competition in the use of its trade-mark "B. V. D." in the sale of underwear. A demurrer to the bill was sustained, hence this appeal.

It is averred that the registered trade-mark, set in letters of white in a field of red, has been used by plaintiff for a long time in connection with the sale of their underwear, and defendant, without authority, is selling and offering for sale goods made by other houses as "B. V. D." underwear. A number of specific instances of such sales are given, in each of which a customer asked for "B. V. D." garments and defendant, representing it was selling that underwear, sold a suit made by another house, which, upon subsequent examination, bore some other label or mark; and that defendant sold a great number of garments, using the name "B. V. D." to deceive the public, delivering articles of other and different makes. All these acts, it is charged, were for the sole purpose and with the deliberate intention of defrauding the public and plaintiff.

Unfair competition has been defined by this court to be "anything done by a rival in the same business, by imitation or otherwise, designed or calculated to mis-

lead the public in the belief that, in buying the product offered by him for sale, they were buying the product of another manufacturer, is in fraud of that other's rights, and will afford just ground for equitable interference": Cigar Mfg. Co. v. Cigar Mfg. Co., 222 Pa. 116. Unfair competition, embracing an infringement of a trade-mark, may be said to be distinguishable in law from the latter in that it does not necessarily involve the question of the exclusive rights of another to the use of a name, symbol or device. The gist of the offense seems to be whether the act done tends to pass off the goods of one for those of another, or to deprive such other of his rights; and the basis of the action is fraud or deceit, misleading the public in the purchase of goods. It is not unlawful for a tradesman to imitate, manufacture and sell, as his own, an article manufactured by another, not covered by a patent, where the likeness is confined to the goods themselves and there is no attempt to deceive purchasers with respect to the manufacturer; there is no ground on which a court of equity can grant an injunction: Scranton Stove Works v. Clark, 255 Pa. 23. It is only by virtue of rights acquired under a trade-mark and the rules of law relating to unfair competition that complainant may institute an action; and the test, so far as the defendant is concerned, is whether the thing done was calculated to deceive an intending ordinary purchaser, not necessarily an intelligent one, in that the goods sold were not those of the manufacture called for. The true theory is the protection of the public, whose rights are infringed or jeopardized by confusion of the goods produced by unfair methods of trade,—as well as the owner's right to be protected from such methods. When a trade-marked article is asked for, the unlawfulness comes in the design to steal away another's business and divert custom from one manufacturer to another; complainant has the right to be protected in its reputation and the good will of the business designated and known by the use of the trade-mark.

The charge of unfair dealing rests not only in the allegation that plaintiff's trade-marked garments were asked for and others of a different make were given, bearing a different label, but these acts were for the sole and deliberate purpose of deceiving and defrauding the public as well as cheating the complainant. It may be, as stated by the court below, that, when a "B. V. D." garment was asked for and the clerk threw a suit on the counter without comment, and it afterwards developed it was another manufacturer's make, such silence would not be an act speaking louder than words, more positive and emphatic, and not sufficient to sustain the charge of unfair competition; but to each of these allegations must be added the sweeping charge that these acts were done with the intention to cheat and defraud the public and the plaintiff, for the unlawfulness may come in the design or intent to steal away another's business, or a deliberate intention to unfairly divert custom from one manufacturer to another. Then there is the general allegation to which this language must be applied "that defendant has sold many thousands of garments, both over his own counter and by parcel post, using the name 'B. V. D.' to deceive the public and to increase the volume of its business and on all occasions delivering to the customer garments of other and different makes than those covered by the trade-mark of your orator." This is sufficient, with the specific allegations, to sustain the bill.

In Scranton Stove Works v. Clark, supra, the decree of the court below reads, "[forbidding] from selling or furnishing, in response to demands or inquiries for repair parts of any of such stoves or ranges, any repair part not made by the plaintiffs, whether having thereon plaintiffs' trade-marks or indicia or not, without distinctly informing the purchaser or purchasers thereof and indicating by marks placed upon such repair part or parts that the part or parts so furnished by the said defendants are not of the plaintiffs' manufacture." This

the court modified for the reason defendant was enjoined from manufacturing and selling repair parts it had the right to manufacture and sell as long as it did so without attempting to dispose of them as a part or thing manufactured by the plaintiff. The court below was in error when it enjoined these acts, and that case, while clearly recognizing the right to imitate, manufacture and sell, further recognized that an order was necessary to prevent the defendant from selling repair parts by representing them to be manufactured by the plaintiff, but so long as he made no such representation he was within his rights.

The bill contains substantial charges of unfair competition; whether the plaintiff may be able to prove the purpose of these sales as charged can only be developed by the evidence. The case is essentially one which should go to final hearing.

The order of the court below is reversed, the bill is reinstated, a procedendo awarded, costs to abide the determination of the case.