fendant's employees will not disobey orders again, exactly as they are said to have done in making the eleven sales of which complaint is specifically made. Defendant, and not plaintiff, must run this risk. Moreover, the above quotation from Elgin National Watch Co. v. Illinois Watch Case Company, supra, answers the specious argument made on this point, as does also our opinion in Scranton Stove Works v. Clark, supra. It is unnecessary to pursue the subject further; to those still doubting, the text of 38 Cyc. 902, and the cases cited in support of it, will furnish profitable reading.

The decree of the court below is affirmed, and the two appeals are dismissed at the costs of the respective appellants.

---

# B. V. D. Co. *v.* Frank & Seder Co.

Argued October 18, 1923. Appeals, Nos. 168 and 172, Oct. T., 1923, by defendant and plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 13, on bill in equity, in case of the B. V. D. Company v. Frank & Seder Company. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* for Frank & Seder Company.

*Joseph Stadtfeld,* with him *Frank I. Schechter* (of the New York Bar), for the B. V. D. Company.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1924:

When this case was here before (272 Pa. 244) we found that the pleadings and questions involved were substantially the same as in B. V. D. v. Kaufmann & Baer Co., 272 Pa. 240, and hence we then made the same character of decree in each case. The similarity has

persisted throughout all the later proceedings until now, and must, of course, result in a like determination of the two sets of appeals.

The decree of the court below is affirmed, and the two appeals are dismissed at the costs of the respective appellants.

# Leitch *v.* Sanford Motor Truck Co. et al., Appellants.

*Bailment—Personal property — Possession — Pledge or sale by pledgee—Right of owner to pursue property—Unauthorized declarations of ownership—Estoppel—One of two innocent parties— Maxims.*

1. Possession of personal property in a bailee for hire does not clothe him with an apparent title or authority to dispose of it so as to create an estoppel, preventing the owner from asserting his title.

2. As possession by the bailee is one of the incidents of a good bailment, such possession is not inconsistent with the owner's title.

3. If the possession of the seller or pledger of personal property is that of a bailee or a trespasser, the rule that declares where one of two innocent persons must suffer, the loss must fall on him whose act or omission made the loss possible, does not apply in favor of the pledgee or vendee of such property.

4. In such case, the pledgee or vendee stands in no better position than a person who innocently buys, leases or acquires property that has been stolen, since the owner can follow and reclaim it no matter where it may be found.

5. Unauthorized declarations of ownership by the bailee do not estop the owner from asserting his title.

6. The fact that a bailee of a truck put it on exhibition in a salesroom, where he was engaged in buying and selling such vehicles, does not convert the bailment into a conditional sale, nor estop the owner from asserting title, as against a person to whom the bailee has pledged the truck as collateral for money loaned.

7. If the owner, for his own advantage, permits the bailee to so act with the property (other than having possession), or so clothes him with apparent ownership, as to mislead or deceive the public, an estoppel may arise against the owner, but such conduct must affirmatively appear from the evidence.