## The Telegraph Press et al. v. Lewis et al.

*Bailey & Rupp*, for plaintiffs.

*Thomas R. Wickersham* and *Herbert B. Cohen*, for defendants.

WICKERSHAM, J., November 16, 1936.—Plaintiffs allege, inter alia, that photographs or pictures of the flood of March 18 and 19, 1936, in the City of Harrisburg and its immediate vicinity were taken for the use of plaintiffs; that defendants prevailed upon one Marlin Fenical, an employe of The Telegraph Press, to give to them seven photographs belonging to The Telegraph Press which had been reproduced by the plaintiff in the Morning Telegraph and the Harrisburg Telegraph; that defendants also sought out plaintiff Truman B. Keener, representing to him that they wished photographs of the flood as souvenirs for their private use, and to accommodate defendants Truman B. Keener sent them to his studio to pick out unused prints; that defendants thereupon prevailed upon an employe of said Keener to furnish them with five prints of photographs of the Harrisburg flood, which five prints Keener was not permitted to furnish to others for publication, being under contract for these pictures to The Patriot and Evening News; that defendants, when they obtained the said 12 photographs, had in mind the printing thereof in souvenir form for publication, distribution and sale in the City of Harrisburg and surrounding neighborhood; that defendants Robert J. Lewis and Eugene McLaughlin falsely and fraudulently

concealed their true purpose to publish and distribute said photographs for profit in the City of Harrisburg and surrounding neighborhood; that defendants Lewis and McLaughlin printed in the City of York 15,000 cards and upwards, on which appeared "Harrisburg Flood, Souvenir, March 1936;" that these souvenir cards contained six pictures of said photographs on each side, being the same 12 pictures obtained as aforesaid; that defendants Lewis and McLaughlin on or about March 22, 1936, placed in the hands of defendant Harrisburg News Agency, Inc., 15,000 of said souvenirs for distribution and sale in and about Harrisburg and vicinity; that defendants Lewis and McLaughlin and Harrisburg News Agency, Inc., divided the profits of said sales, 10,000 of which souvenirs were sold in Harrisburg and surrounding territory at the time of the presentation of plaintiffs' bill of complaint, for which they received over $600; and that said souvenirs are still on sale throughout Harrisburg and the surrounding neighborhood and are being sold in competition with the newspapers containing the same pictures published by The Telegraph Press, to its irreparable damage and loss, and will continue to be sold unless relief be granted by this court. It is further alleged that the defendants Lewis and McLaughlin are without funds and assets and will dissipate all sums received by them under their agreement with Harrisburg News Agency, Inc., unless restrained. The plaintiffs ask for equitable relief.

Defendants Lewis and McLaughlin filed preliminary objections to the bill, alleging, inter alia, that Truman B. Keener is not an interested party in the cause of action; that the plaintiff has a full, complete and adequate remedy at law; and that defendants should not be required to answer the facts averred, for the reason (a) plaintiffs' bill of complaint is accompanied by only one affidavit; (b) plaintiffs' bill of complaint fails to set forth any cause of action cognizable either in law or equity.

Upon the presentation of a motion and the filing of an injunction bond a preliminary injunction was granted.

It is contended that plaintiff Truman B. Keener is not an interested party in the cause of action set forth, in that the bill of complaint fails to show any damage to Keener, and further fails to show any need of equitable relief on behalf of Keener.

It is averred by plaintiffs that by fraud and deceit defendants obtained from Keener five photographs which he had already furnished under his contract to The Patriot and Evening News, whereby he could not furnish these to anyone else for publication. These photographs were then published in the same territory in which The Patriot and Evening News have their circulation. This undoubtedly forced Keener into an unwilling breach of his contract with The Patriot and Evening News, and while he does not allege that the publications have proceeded against him for damages he has no assurance that they will not. We think it is incumbent upon him to stop the publication and circulation of these pictures as quickly as possible so that no more damage will result to The Patriot and Evening News as a result of his unwilling breach of his contract.

It is further averred that plaintiffs have a full and complete and adequate remedy at law for the reason that plaintiffs, if injured, have no need of specific relief, and plaintiffs' injury, if any, would consist of damages for which an adequate remedy at law exists. It is clear that a court of equity has jurisdiction. See B. V. D. Co. v. Kaufmann & Baer Co., 279 Pa. 152, hereinafter referred to. As fraud is alleged in the bill, jurisdiction exists in equity, and a court of equity having assumed jurisdiction of the case will proceed to dispose of and pass upon all questions raised in the bill of complaint: see Fowler's Appeal, 87 Pa. 449, hereinafter referred to. Furthermore we are of opinion that the remedy at law is not full or adequate: Bispham's Principles of Equity (10th ed.), sec. 200; Clauer v. Clauer, 22 Pa. Superior Ct. 395, hereinafter referred to.

Defendants further allege that they are not required to answer the facts averred because they have a full and complete defense to plaintiffs' claim, for the reason that plaintiffs' bill of complaint is accompanied by only one affidavit. We think this contention cannot be sustained. Rule 38 of the Pennsylvania Rules of Equity Practice provides, inter alia:

"Preliminary injunctions may be granted on bill and injunction affidavits, with notice to defendant; without notice to the defendant, they may only be granted on the filing of an affidavit by plaintiff or some one cognizant of the facts, supported by other affidavits when necessary, that immediate and irreparable loss or damage will result to plaintiff before the matter can be heard on notice."

There is no allegation that notice was given to defendants, and therefore we think the injunction was properly granted on the filing of an affidavit by plaintiff as provided in rule 38. In any event we think a motion to dissolve under rule 38 would be the proper proceeding.

It is further alleged that defendants should not be required to answer the facts averred because plaintiffs' bill of complaint fails to set forth any cause of action cognizable either in law or in equity. This contention cannot be sustained, as fraud is alleged in the bill.

An injunction is properly awarded to prevent future sales in unfair competition even though a defendant was innocent of any wrongful intent in the sales actually proved: B. V. D. Co. v. Kaufmann & Baer Co., supra. Fraud is alleged in plaintiffs' bill, and chancery always assumes jurisdiction in relief of fraud: Custis v. Serrill et al., 303 Pa. 267, 272. Story's Equity Jurisprudence (12th ed.), sec. 350, states:

"It must be a fundamental policy to all enlightened nations to protect and subserve the rights of creditors, and a great anxiety to afford full relief against frauds upon them has been manifested, not only in the civil law, but, from a very early period, in the common law also."

As a general rule a court of equity has jurisdiction to relieve against every species of fraud; its process is plastic and may be readily modeled to suit the exigencies of the particular case. A court of equity proceeds with but little regard to mere form; it moves with celerity and seizes the fruits of a fraud in the hands of the wrongdoer: Fowler's Appeal, supra. Where the remedy at law is not full or adequate, the jurisdiction of equity is undoubted: Bispham's Principles of Equity, supra; Clauer v. Clauer, supra, opinion of Judge Orlady beginning at page 399.

It is further contended by counsel for plaintiffs that by obtaining these pictures in the manner set forth in plaintiffs' bill of complaint for the purpose of printing souvenir cards for circulation, and because souvenir cards were printed and 10,000 sold in this vicinity, containing copies of the photographs thus fraudulently obtained, defendants were in unfair competition with plaintiffs and equity has jurisdiction to relieve against this unfair competition in trade: 63 C. J. 532, sec. 233; B. V. D. Co. v. Kaufmann & Baer Co., supra, which involved the substitution of other goods for trade-marked goods; but it was not the violation of copyright laws, but the unfairness in trade which gave the court jurisdiction.

We think the allegations in plaintiffs' bill present an illustration of unfair competition in trade, for two of the defendants obtained pictures with news value by fraud and published them in competition with one of the plaintiffs, and with newspapers to which the other plaintiff furnished pictures: See International News Service v. The Associated Press, 248 U. S. 215. In that case plaintiff alleged the pirating of its news by defendant in three ways, (1) by bribing employes of newspapers published by complainant's members; (2) by inducing members of the Associated Press to violate its bylaws and permit defendant to obtain news before publication; and (3) by copying news from bulletin boards and from early editions of complainant's newspapers and selling this, either

bodily or after rewriting, to defendant's customers. The court held that the question was not one of property in news matter, or the application of the copyright act, but that it turned upon the question of unfair competition in business.

We cannot agree, therefore, with the contention of counsel for defendants that Truman B. Keener is not a proper party plaintiff. Nor can we follow his further contention that plaintiffs have an adequate remedy at law. Defendants rely, for this contention, upon Kane v. McClenachan, 104 Pa. Superior Ct. 417. We fail to comprehend how this authority supports his contention. That was a bill in equity for specific performance of an agreement to convey certain real estate; the record established that defendant executed the agreement, in which he was named as party of the first part and plaintiff was named as agent for party of second part; the agreement did not contain the name of any other person; by its terms plaintiff was to receive from defendant a commission on the gross consideration; defendant alleged that the agreement was one of agency rather than one of sale and that its execution was procured by fraud on the part of plaintiff; he testified that plaintiff stated to him that he would endeavor, as agent for defendant, to sell the property and that he wanted the agreement to show to prospective purchasers; the evidence disclosed that plaintiff was secretly acting as agent for the intervening plaintiff and that he had knowledge of certain facts which materially enhanced the value of the real estate. The court held that there was sufficient evidence to warrant the finding of the chancellor that the execution of the agreement was obtained through fraud and misrepresentation, and the decree of the court below directing the conveyance of the real estate to plaintiff as agent was reversed. This certainly does not support the contention of counsel for defendants.

We cannot sustain defendants' third contention on the ground that the bill of complaint is supported by only one

affidavit. For reasons already stated this contention cannot meet with approval.

Nor can we sustain defendants' contention that there is not even an allegation on which damages can be predicated. It being alleged in the bill and not denied that defendants had already sold 10,000 copies of their souvenir cards containing these 12 pictures of the flood, how can we now decide in this proceeding that plaintiffs did not sustain damage? Nor can the doctrine of de minimis apply, as it appears that from the sale of these cards defendants have already realized $600, which, from inference, is still in the hands of defendant Harrisburg News Agency, Inc.

Defendant Lewis stated that defendants were acquiring the photographs for personal use, and counsel for defendants therefore contends that under such circumstances an actual fraud was not committed. We cannot sustain this contention. It appears by plaintiffs' bill, which must be admitted to be true, that defendants did not obtain these photographs for their own use, but 15,000 souvenir cards were printed and 10,000 sold at an apparent profit of $600. Defendants did not go far enough in their allegations but refrained from referring to the action of defendants Lewis and McLaughlin in printing 15,000 souvenir cards containing these pictures and selling 10,000 thereof before this injunction was issued. With that addition, defendants' allegation is not supported by Clark et al. v. Everhart et al., 63 Pa. 347, and Fulton v. Hood et al., 34 Pa. 365.

Lastly, defendants contend that it is well settled that an actionable misrepresentation must relate to past or existing facts, and cannot consist of mere broken promises, statements of intention, or unfulfilled predictions as to future events. The long list of cases cited supports this contention as stated, but, as we have said heretofore, counsel for defendants set up a statement of facts which is nonexistent in the instant case. We conclude what defendants had in their minds by what they did. They ob-

tained the pictures by stating they wanted them for their own use. Clearly that was not true, for immediately after they received them they printed the souvenir cards to which reference has heretofore been made. In this case we look through the form to the substance, and the substance is that under the pleadings, defendants Lewis and McLaughlin purchased these pictures for the very purpose of reproducing them and thereby securing gain for themselves. We are clearly of opinion therefore that defendants' preliminary objections to plaintiffs' bill of complaint cannot be sustained.

And now, November 16, 1936, it is ordered, adjudged, and decreed that defendants' preliminary objections to plaintiffs' bill of complaint are dismissed at the cost of defendants, and defendants are directed, within 15 days from the filing of this opinion, to file an answer to plaintiffs' bill of complaint on its merits.