### GRAHAM *v.* TETER.

*(Circuit Court, E. D. Pennsylvania. October 6, 1885.)*

PATENTS—BILL IN EQUITY—NECESSARY PARTIES.

The commissioner of patents is not a necessary party to a bill in equity filed under section 4915, Rev. St., by an applicant for a patent, where there is an opposing party to the bill; but where a patentee has transferre l his interest in an invention, he is a necessary party defendant.

In Equity.

*Walter J. Budd,* for complainant.

*Charles Howson* and *Hubert Howson,* for defendant.

BRADLEY, Justice. The bill in this case, filed under section 4915 of the Revised Statutes, sets out, *inter alia:*

Edward H. Graham, of the city of Philadelphia, in the state of Pennsylvania, and a citizen of said state, being the original, first, and true inventor of the hereinafter described improved process for cleaning and drying grain, and having made application for letters patent therefor, which application has been rejected by the commissioner of patents, and priority of invention of the subject-matter thereof adjudged in favor of William L. Teter, also of the city of Philadelphia and state of Pennsylvania, and a citizen of said state, after duly-contested proceedings had in interference between the application of your orator and the first claim of the reissued letters patent No. 10,275, of the said William L. Teter, granted January 23, 1883, for process of and apparatus for cleaning grain, the original letters patent No. 262,505 bearing date of August 8, 1882, brings this his bill, in accordance with the statute in such case made and provided, for the purpose of obtaining a decree from your honorable court that he is the first, true, and original inventor of the said improved process, and as such entitled to receive a patent therefor, and he joins herein as defendant the said William L. Teter, he being, so far as your orator is informed and believes, the only party having any interest adverse to your orator in the matter of his said application.

The answer sets out, *inter alia:*

(2) This respondent * * * says that he is not the only party having an interest adverse to said complainant in the matter of his said application for patent in said bill of complaint mentioned, but that all the right, title, and interest of this respondent in and to the invention for which reissued letters patent No. 10,275 were granted and issued to this respondent, and which said complainant claims in his said application for letters patent, was, long before the bringing of said complainant's said bill of complaint, assigned by

this respondent by proper instruments of writing, duly recorded in the patent-office of the United States, to the Eclipse Improved Wheat-cleaning Machine Company, a corporation organized under the laws of the state of New Jersey, and was, at and before the time of the filing of said complainant's said bill, and is now, owned by said company; and respondent submits that the said Eclipse Improved Wheat-cleaning Machine Company is a necessary party to this suit, but is not by said complainant's said bill of complaint made a party thereto.

(3) This respondent * * * says * * * that it appears by said bill of complaint that said complainant has been refused a patent upon his application in said bill mentioned by the commissioner of patents, within whose cognizance and jurisdiction such matters properly are, and that complainant's said bill of complaint is exhibited for the purpose of obtaining the judgment and decree of this honorable court that he is entitled by law to receive a patent for the invention claimed in his said application in said bill mentioned; wherefore it appears from complainant's said bill of complaint that the said commissioner of patents is a necessary party to this suit, but he is not by said bill made a party thereto.

The case was set down by complainant for argument under equity rule 52 on these objections for want of parties. The court sustained the first objection, but overruled the second one, holding (orally) that the Eclipse Improved Wheat-cleaning Machine Company should be made a party defendant, but that the commissioner of patents was not a necessary party to the bill so long as there was an opposing party, and the following order was entered: And now, October 6, 1885, this cause came on to be heard upon the "defendant's objection for want of parties," and was argued by counsel. Whereupon it is ordered that complainant have leave to amend his bill of complaint by adding the Eclipse Improved Wheat-cleaning Machine Company, a corporation created by the laws of the state of New Jersey, as a party defendant, without costs to be taxed against him.

It is further ordered that the objection that the commissioner of patents is not made a party be overruled.