## HAMMER v. ROBERTSON, Commissioner of Patents.

(District Court, E. D. New York. July 10, 1923. Supplemental Opinion, July 16, 1923.)

Patents ⚖══114—Suit against Commissioner to compel issuance must be brought in District of Columbia.

Under Rev. St. § 739 (Comp. St. § 1033), a suit under section 4915 Comp. St. § 9460) by an applicant for a patent, whose application has been refused, against the Commissioner of Patents, to compel issuance of the patent, must be brought in the federal court of the District of Columbia, of which District defendant is an inhabitant.

In Equity. Suit by Peter Hammer against Thomas E. Robertson, Commissioner of Patents. On motion of defendant to dismiss bill. Granted.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), for defendant.

GARVIN, District Judge. This is a motion by defendant for an order dismissing the bill of complaint herein for want of jurisdiction. The action, to compel the issue of a patent, was brought in the Eastern district of New York against the defendant, as Commissioner of Patents. The defendant contends that this court has no jurisdiction, inasmuch as the action must be brought in the federal court of the District of Columbia, where the Commissioner of Patents has his official residence.

The real objection of the plaintiff to bringing suit in the District of Columbia is that the Court of Appeals of that District has affirmed a decision of the Patent Office refusing plaintiff a patent, and naturally may be expected to decide similarly any action brought by plaintiff to compel the issue of the same patent. From a decision in the last-mentioned action, plaintiff asserts that there is no appeal to the Supreme Court of the United States, while defendant as stoutly maintains that such an appeal lies.

The contention of the defendant that this court has no jurisdiction is based upon his claim that section 739 of the United States Revised Statutes controls, and is a bar to the instant suit in this district. That section reads as follows:

"*Civil Suits—Where to be Brought.*—Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The case of Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796, 29 L. Ed. 119, is relied upon by the government. The facts there are

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

similar to those involved in the question now before the court, and unless the decision therein has been overruled or modified by later judicial expression or by statute it must be held to control here. The plaintiff answers the government's contention by a reference to section 4915 of the United States Revised Statutes (Comp. St. § 9460) which reads as follows:

"Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

This section refers to the right of an unsuccessful applicant for a patent having "remedy by bill in equity, and the court having cognizance thereof" on notice to parties, etc., may adjudge that such applicant receive a patent.

The plaintiff contends that Butterworth v. Hill, supra, does not now control, for the reason that the decision in that case was rendered in 1886, and that under the then existing law an appeal could be taken as of right to the United States Supreme Court from the Supreme Court of the District of Columbia; that in 1893 the Court of Appeals for the District of Columbia was established by an act which provided that the right of appeal from the Commissioner of Patents previously vested in the Supreme Court of the District of Columbia should be vested in the Court of Appeals for the District of Columbia. It is settled in matters involving a decision of the Commissioner of Patents no appeal may be taken to the United States Supreme Court from a decision of the Court of Appeals of the District of Columbia. Frash v. Moore, 211 U. S. 1, 29 Sup. Ct. 6, 53 L. Ed. 65; Atkins v. Moore, 212 U. S. 285, 29 Sup. Ct. 390, 53 L. Ed. 515; Baldwin Co. v. Howard, 256 U. S. 35, 41 Sup. Ct. 405, 65 L. Ed. 816. These cases, however, are no authority for the proposition that no appeal may be taken from a decision of the Court of Appeals of the District of Columbia affirming or reversing a decision of the Supreme Court of the District of Columbia.

The plaintiff contends that it would be illogical, if not unjust, to hold that, if an applicant in an ex parte proceeding is unable to obtain a patent, he must start suit in the Supreme Court of the District of Columbia in order to avail himself of section 4915, supra, by reason of the refusal of the Commissioner of Patents to appear elsewhere, inasmuch as the Supreme Court of the District of Columbia would be bound by any former decision of the Court of Appeals of that District.

The plaintiff refers to many authorities which he claims justify the court in finding that, when Congress enacted section 4915, it was there-

by intended that, both in interference and in ex parte cases, the unsuccessful plaintiff should have a fair and impartial trial in a court of equity in a proceeding de novo, and should not be remanded to the Patent Office or to a court which has been held to be a branch of that office. It seems to be well settled that the Court of Appeals for the District of Columbia is a part of or one of the tribunals of the Patent Office. Clements v. Kirby (C. C. A.) 274 Fed. 575, and cases therein cited. There would be much in the point, if plaintiff had no right of appeal to the Supreme Court.

The contention of plaintiff that no appeal lies to the United States Supreme Court from the decision of an action in equity brought in the Supreme Court of the District of Columbia is not well founded. Section 8 of the Act of February 9, 1893 (chapter 74, 27 Stat. 436), reads as follows:

"That any final judgment or decree of the said Court of Appeals may be re-examined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in all causes in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations, as heretofore provided for in cases of writs of error on judgment or appeals from decrees rendered in the Supreme Court of the District of Columbia, and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States."

From this it is clear, I think, first, that this action must be brought in the federal court of the District of Columbia; and, second, that the plaintiff, if unsuccessful there, may appeal to the Court of Appeals of the District of Columbia and then to the United States Supreme Court.

The motion is granted, and the bill is dismissed, for want of jurisdiction.

### Supplemental Opinion.

Since the foregoing opinion was filed my attention has been called to the case of Chott v. Ewing, 237 U. S. 197, 35 Sup. Ct. 571, 59 L. Ed. 913, which seems to hold that section 250 of the Judicial Code (Comp. St. § 1227), which supersedes section 8 of the Act of February 9, 1893, does not provide for an appeal from the Court of Appeals of the District of Columbia to the Supreme Court of the United States in patent cases. It therefore appears that no appeal would lie in an action of that character. However, this does not seem in any way to affect the soundness of my conclusion with respect to the District in which the defendant must be sued, and my decision must remain unaltered, except to express the regret that plaintiff should be compelled to resort to a court which he feels has already determined the issues of his case. It is to be hoped that this omission will be corrected by congressional action as soon as opportunity offers.