## United Drug Co., Appellant, v. Kovacs.

*Equity—Jurisdiction—Unfair competition in trade—Accounting for unfair profits—Trade-marks—Acts of June 20, 1901, P. L. 582, and April 24, 1905, P. L. 302—Penalties.*

1. Equity has jurisdiction to relieve against wilful unfair competition, entirely aside from any statute on the subject.

2. One who engages in wilful unfair competition is liable to account for the profits made by him from the sale of all the goods marketed under such circumstances.

3. In such cases the duty to account is ordinarily a matter of right, and of course.

4. The duty to account does not exist as to all of the goods sold by defendants, but only as to those sold in unfair competition with plaintiff.

5. The difficulty of stating the account is no excuse; defendant's wrongful conduct occasioned the trouble, and he must bear all the burdens growing out of this fact.

6. The penalties prescribed by section 4 of the Act of June 20, 1901, P. L. 582, as amended by the Act of April 24, 1905, P. L. 302, cannot be recovered in a proceeding in equity, but only in a court having jurisdiction of an action for a fine or penalty.

7. While a court of equity, which has obtained jurisdiction for any purpose, will ordinarily round out the whole circle of controversy between the parties, it cannot do this as to a right based on a statute which clearly specifies an entirely different jurisdiction for establishing the liability.

Argued October 17, 1923.    Appeal, No. 115, Oct. T., 1923, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1921, No. 1466, on bill in equity, in case of United Drug Company v. Kolomon Kovacs et al.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Reversed.

Bill in equity for injunction and accounting.    Before FORD, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff for injunction and for accounting, but limited as to accounting.    Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Charles H. Sachs,* of *Sachs & Caplan,* for appellant.— The court, having found defendants were guilty of unfair competition, in intentionally marketing a line of counter-package goods similar to that which plaintiff was marketing, and bearing thereon labels so similar, in all substantial features, to that on plaintiff's goods as to deceive the ordinary purchaser using ordinary care, should have ordered defendants to account to plaintiff for all profits realized by them from their sale: Standard Cigar Co. v. Goldsmith, 58 Pa. Superior Ct. 33; Van Stan's Stratena Co. v. Van Stan, 209 Pa. 564.

*John A. Metz,* with him *Wm. E. Hague,* for appellees. —An accounting does not follow an injunction in an unfair competition case as a matter of course.    It is within

the discretion of the court, under all the circumstances of the case, to decree whether an accounting should be had and, if so, to what extent: Straus v. Hosiery Co., 240 U. S. 179.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1924:

Plaintiff and defendants are competitors in the business of compounding, placing in counter packages and selling, pharmaceutical preparations and toilet articles. Plaintiff was the first to adopt this method of business, which has grown to large proportions; its package sales, through agents and subagents, amount to a number of millions annually, and large sums have been and still are being expended by it, in advertising its business and selling its goods. Three hundred and eleven kinds of counter packages are put up and sold by it, each of the containers and cartons being distinctively labeled and marked, so as to indicate their origin. In order to still further prevent unfair competition, plaintiff filed for record, in the office of the Secretary of the Commonwealth, in accordance with the provisions of the Act of June 20, 1901, P. L. 582, as amended by the Act of April 24, 1905, P. L. 302, facsimiles of two of the labels used by it, one being of the type placed on bottles and the other on cartons. One of these contained the words "Cod-Liver Oil" and the other the words "Epsom Salts." It was not stated, although the fact was so, that the labels used, and to be used, by plaintiff, on bottles and cartons containing the other preparations sold by it, were of the same style, the only difference being in the name designating the article in the particular bottle or carton.

Several years after plaintiff established this character of business, defendants began, as they had a right to do, the preparation and selling of counter packages, containing the same pharmaceutical and toilet articles; their fields of sale being in many of the localities where plaintiff's preparations are sold, although not in the

same stores. "Defendants knew of the labels and packages used by the plaintiff company at the time they caused labels and packages to be designed for their own use......but so closely imitated plaintiff's label and package that the one may be mistaken for the other," and, when "taken in connection with the size of the containers, the arrangement of the printing and the manner in which the words appear on the package," "indicate, and we find as a fact [says the court below], that defendants' package is an imitation of that of the plaintiff," and would "lead a purchaser, notwithstanding the exercise of ordinary care, to mistake the goods sold in one package for the goods sold under the other label."

A number of defendants' preparations having been sold with labels and in cartons of the imitative character specified, plaintiff filed its bill in equity in this case, alleging unfair competition and a breach of the Acts of 1901 and 1905, above referred to, and prayed an injunction, an accounting, discovery, a decree that defendants pay the penalties prescribed by said statutes, and general relief. An answer was filed. On the trial the chancellor found the facts to be as above set forth, and advised a decree for an injunction, and also an accounting for the profits realized from the sale, in unfair competition, of all of defendants' preparations. He did not advise an award of penalties under the Acts of 1901 and 1905.

Both parties excepted, and the court in banc sustained the trial judge in everything but the extent of the accounting, limiting this to the sales of cod-liver oil and epsom salts only. The reason given for this restriction is thus stated in its opinion: "Defendants' conduct was wrong, but an accounting as directed......[in the trial judge's report] would involve an itemized statement of all goods in containers having thereon labels in imitation of plaintiff's labels, without regard to whether the retailer was a competitor of plaintiff's agencies or not.

The effect of the similarity in labels may have injured plaintiff, but the extent of the injuries cannot be reasonably or fairly determined......Plaintiff's label, as registered, indicates 'Cod-Liver Oil' and 'Epsom Salts' as goods to be marketed in containers having the label thereon. An accounting of such merchandise sold by defendants, would give plaintiff the relief in damages and loss of profits to which the company is entitled." A decree was entered accordingly, from which plaintiff has appealed, but defendant has not. Under such circumstances the only questions for decision are: (1) Did the court below err in limiting the account to the sales of cod-liver oil and epsom salts? and (2) Is plaintiff entitled, in this action, to recover the statutory penalties?

If the determination of the first of these questions depended on the effect of the labels registered under the Acts of 1901 and 1905, much could be said in support of the restriction; but it does not so depend. As already shown, the court found, and we think correctly, that defendants intentionally imitated the combination of the labels, the sizes of the containers, the arrangement of the printing and the manner in which the words appear on the packages, and that these together, and not separately, resulted in misleading purchasers. It is, therefore, a clear case of wilful unfair competition, remediable in equity even if there had been no statute; or, there being one, if no attempt had been made to comply with its provisions: Penna. Central Brewing Co. v. Anthracite Beer Co., 258 Pa. 45; Hub Clothing Co. v. Cohen, 270 Pa. 487. Under such circumstances, defendants are liable for the profits arising from their sales of any and all preparations marketed in unfair competition with plaintiff's products: Standard Cigar Co. v. Goldsmith, 58 Pa. Superior Ct. 33. A different question would arise if its imitation had been an innocent one; being intentional, the duty to account is ordinarily a matter of right and of course: 38 Cyc. 911.

The court below was in error in supposing, however, that this would include all the profits realized from a sale of defendants' preparations; it should only cover the profits from those sold in unfair competition with plaintiff. We do not intend to specify under what circumstances defendants' liability exists; this can only be properly determined on the accounting, when the facts are fully developed. We may say, however, that a sale made in a place where like preparations of plaintiff's were not on the market, would not necessarily be a sale in unfair competition; while one made in a place where they were in competition, although not obtainable in the same store as the other, would probably be so. The difficulty of stating the account is no excuse; defendant's wrongful conduct has occasioned the trouble, and it must bear all the burdens growing out of that fact: Graham v. Plate, 40 Cal. 298. It would be intolerable if one could wrong another and escape all liability, because it was difficult to prove the amount of the loss.

No decree can be made for the penalties provided by the Act of 1901, since section 4, which is the only authority for their assessment (P. L. 1901, page 584-5), says that they must be "sued for in any court having jurisdiction of an action for a fine or penalty," thus excluding a court of equity. The subsequent parenthetical clause, "in addition to the penalty provided for in this section," following the authorization of an injunction by a "court having jurisdiction of the parties," does not operate to change a court of equity into a "court having jurisdiction of an action for a fine or penalty," nor to modify the meaning of these words. It only prevents a possible contention that the recovery of penalties would exclude the right, in equity, to an injunction, damages and an accounting. The difference in the descriptive wording, where the courts are referred to, leads to the same conclusion.

We are aware that when a court of equity has once obtained jurisdiction, it will ordinarily round out the

whole circle of controversy (McGowin v. Remington, 12
Pa. 56; Hurst v. Brennen (No. 1), 239 Pa. 216), but
this principle cannot be extended to permit, in equity,
a recovery based solely upon a statute, clearly specify-
ing an entirely different jurisdiction for establishing
the liability.   The court below, in Hohenstein v. Perel-
stine, 37 Pa. Superior Ct. 540, 543, held correctly, as
we have shown, that these penalties could not be re-
covered in equity; on the appeal in that case, however,
this question was not raised in the Superior Court.

The decree of the court below is reversed, and the
record is remitted that an appropriate decree may be
entered, and further proceedings had not inconsistent
with this opinion.