### In re HAMMER.

(District Court, E. D. New York. June 3, 1924.)

**1. Patents ⚖➪114—Commissioner of Patents necessary party to suit to compel issuance of patent, in absence of other opposing party.**

Where there is no opposing party, Commissioner of Patents is a necessary party to a suit, under Rev. St. § 4915 (Comp. St. § 9460), to compel issuance of a patent.

**2. Equity ⚖➪90, 119—Parties and issuance of process necessary in plenary suit.**

A plenary suit in equity requires parties and issuance of process.

In Equity. Suit by Peter Hammer to procure the issuance of a patent under Rev. St. § 4915 (Comp. St. § 9460). On motion of the Commissioner of Patents to dismiss the bill of complaint. Motion granted.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for petitioner.

⚖➪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Howard Oster-hout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), opposed.

GARVIN, District Judge. [1] This is a motion to dismiss the bill of complaint herein for want of jurisdiction. The action or proceeding is at least unusual. Peter Hammer is named as plaintiff. No defendant or respondent is named. It is stated that the action was brought to compel the issuance of a patent under section 4915, United States Revised Statutes (Comp. St. § 9460), which reads as follows:

"Sec. 4915. Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

An action for the relief which plaintiff now seeks was previously brought by plaintiff against the Commissioner of Patents as defendant. The latter appeared specially and moved to dismiss for want of jurisdiction. The motion was granted. Hammer v. Robertson (D. C.) 291 Fed. 656. While the meaning of section 4915 is not altogether clear, the court would not be justified in holding that the section gives a new definition to the term "bill in equity," by enlarging that description to include a special proceeding in the nature of an application for a writ of mandamus. Indeed, it has been expressly held in Dover v. Greenwood (C. C.) 177 Fed. 946, that a suit under this section is a plenary suit in equity, to which all rules of practice in such suits are applicable.

[2] It is elementary that such an action requires parties and the issuance of process. In the older case of Graham v. Teter (C. C.) 25 Fed. 555, it was held that the Commissioner of Patents is not a necessary party to an action under section 4915, supra, where there is an opposing party. Obviously it follows that the Commissioner would be a necessary party in the event that there was no other opposing party. It was stated in Morgan v. Daniels, 153 U. S. 120, 124, 14 Sup. Ct. 772, 38 L. Ed. 657:

"It [an action under Section 4915] is a controversy between two individuals over a question of fact which has once been settled by a special tribunal, entrusted with full power in the premises."

The case of Central Ry. Signal Co. v. Jackson (D. C.) 254 Fed. 103, has been carefully considered. It is the decision of a District Court and does not pass upon the point involved, as the opinion plainly states. Certain observations in the opinion, merely dicta, seem contrary to the conclusion herein reached, but I cannot consider them as controlling.

To allow the present proceeding would be to permit the plaintiff, so called, herein to avoid the effect of the requirement that the Commissioner of Patents be sued in the district of his official residence which was decided in Hammer v. Robertson, supra. The relief which Peter Hammer, who calls himself "plaintiff" in the instant proceeding, seeks is against the Commissioner of Patents. The latter has appeared specially and moves to dismiss.

The court is of the opinion that the motion should be granted.