### E. I. DU PONT DE NEMOURS & CO. v. ATLAS POWDER CO.

No. 1222.

District Court, D. Delaware.

July 27, 1938.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for plaintiff.

James H. Hughes, Jr. (of Ward & Gray), of Wilmington, Del., and Charles H. Howson and Dexter N. Shaw (of Howson & Howson), both of Philadelphia, Pa., for defendant.

NIELDS, District Judge.

A bill of complaint was filed by E. I. duPont de Nemours & Company against Atlas Powder Company under U.S.R.S. § 4915, 35 U.S.C.A. § 63. An interference was declared in the Patent Office between an application owned by plaintiff and patent No. 1,913,344 owned by defendant. The Board of Appeals of the Patent Office decided in favor of defendant. Thereupon, plaintiff filed this bill of complaint. Defendant answered and filed a counterclaim charging infringement by plaintiff of claims 20 and 22 of defendant's patent. These claims constituted the counts in issue in the interference proceeding.

Replying to defendant's counterclaim, plaintiff set up the usual defenses in a patent infringement suit including invalidity of the claims sued upon. Among the reasons set forth in the reply are that the patent is invalid because more than two years prior to the filing of the application therefor the subject matter of the claims had been patented or described in letters patent or printed publications, and also is invalid for want of invention.

Here are two separate complaints respecting the same invention pleaded to issue. A court of equity need not hear both complaints at the same time or hear one and dismiss the other. The issues raised by defendant's counterclaim are the broad issues of an infringement suit. The issue raised by plaintiff's bill is the narrow one of priority of invention. Obviously the air will be cleared by first hearing and determining the issues raised by defendant's counterclaim. Meanwhile the suit under U.S.R.S. § 4915, 35 U.S.C.A. § 63, can remain in abeyance.

Defendant's motion that paragraphs 10(g) and 10(h) of plaintiff's answer to defendant's counterclaim be stricken out or, alternatively, that the bill of complaint be dismissed, must be denied.