## CENTURY DISTILLING CO. v. CONTINENTAL DISTILLING CO.

### No. 6833.

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Rehearing Denied Oct. 5, 1939.

488

Edward S. Rogers, of Chicago, Ill., and Joseph S. Clark, Jr., of Philadelphia, Pa. (Valentine C. Guenther, of Peoria, Ill., of counsel), for appellant.

Thomas G. Haight, of Jersey City, N. J., and Leonard L. Kalish and J. Maurice Gray, both of Philadelphia, Pa., for appellee.

Before DAVIS and BIGGS, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

The appellant filed a bill in equity under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, to determine the right of the plaintiff to the registration of two trade marks, the registration of which had been refused by the Commissioner of Patents. The defendant filed an answer and a counterclaim, averring that the trade marks sought to be registered by the plaintiff ("Dixiana" and "Dixie Dew") infringed certain prior registered trade marks of the defendant ("Dixie Belle" and "Dixie Beau"). The counterclaim asked for an injunction and an accounting. The court below dismissed the bill on the ground that the Commissioner of Patents was a necessary party to the suit, and that he had not been joined, and that therefore the court was without jurisdiction of the bill. Having done so, the court below then proceeded to consider the counterclaim. In disposing of the issues raised by the counterclaim, it found that there was an infringement; that there was a deceptive similarity between the plaintiff's trade marks and those of the defendant; that there was a colorable imitation of the trade marks of the defendant making for a confusing similarity. It also found that the defendant was entitled to an injunction and an accounting of profits and damages as prayed for in the counterclaim. In an interlocutory decree, the court below granted an injunction; ordered destruction of all of the labels, etc., of the plaintiff; referred the matter to a special master to make an accounting and to assess damages; ordered that the plaintiff pay to the defendant the amount of plaintiff's profits found on the accounting, together with treble the amount of the defendant's damages found on the accounting; and, lastly, that the defendant also recover from the plaintiff the penalties provided by the Act of June 20, 1901, of the Commonwealth of Pennsylvania, P.L. 582, 73 P.S.Pa. § 1 et seq.

We are of the opinion that the court below erred in ruling that the Commissioner of Patents was a necessary party, and in dismissing the bill of the plaintiff on that score. Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, which controlled the proceedings, provides: "In all cases, where there is no opposing party, a copy of the bill shall be served on the commissioner." In this case there was an opposing party. The defendant had filed an opposition to the registration of the contested trade marks before the Examiner of Interferences in the Patent Office. It had continued its opposition when an appeal was taken and prosecuted by the plaintiff to the Commissioner of Patents, who affirmed the decision of the Examiner of Interferences; and it also filed an answer to the proceedings in equity under Section 4915 before the court below. See In re Hammer, D.C., 300 F. 246, affirmed, 2 Cir., 6 F.2d 460; Graham v. Teter, C.C., 25 F. 555; Butler v. Shaw, C.C., 21 F. 321; The Mergenthaler Linotype Co. v. Seymour, 66 O.G.1311, 1894 C.D. 186; Cleveland Trust Company v. Nelson et al., D.C., 51 F.2d 276.

Despite our conclusion that the court below erred in dismissing the appellant's bill on the failure to join the Commissioner of Patents as a necessary party, we think, however, that the action of the lower court should be affirmed on the dismissal of the bill. The law is clear that: "A correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor." See Federal Digest, Volume 1, Appeal and Error, § 854 (2), Page 739. See also Gideon v. Hinds et al., 2 Cir., 238 F. 140, in which it was held: "An appeal brings up the ultimate question whether the decision was right or wrong; and, if the result is right, it will not be disturbed because a wrong reason was assigned." See also Lindè Air Products Co. v. Morse Dry Dock & Repair Co., 2 Cir., 246 F. 834. See also Vale Pennsylvania Digest, Volume 3, Appeal and Error, § 854(2), Page 499, citing cases in Pennsylvania in agreement with the Federal decisions.

"In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground

or gave a wrong reason. Frey & Son v. Cudahy Packing Co., 256 U.S. 208, 41 S. Ct. 451, 65 L.Ed. 892; United States v. American Ry. Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; United States v. Holt State Bank, 270 U.S. 49, 56, 46 S.Ct. 197, 199, 70 L.Ed. 465; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L. Ed. 520; Stelos Co. v. Hosiery Motor-Mend Corp., 295 U.S. 237, 239, 55 S.Ct. 746, 79 L.Ed. 1414; cf. United States v. Williams, 278 U.S. 255, 49 S.Ct. 97, 73 L.Ed. 314." Helvering v. Gowran, 302 U. S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed. 224.

■ An analysis of the record in the proceedings before the Commissioner of Patents and of the proceedings before the court below satisfies us that the latter did not err in its conclusion on the merits— that is, that there was a deceptive similarity between the plaintiff's trade marks and those of the defendant; that the trade marks which the plaintiff used and sought to register are colorable imitations of the defendant's trade marks. The Examiner of Trade Mark Interferences, and the Commissioner of Patents, on appeal, sustained the appellee's oppositions, and adjudged that the appellant's trade marks were confusingly similar to the appellee's admittedly prior registered trade marks. The court below came to the same conclusion. Under Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657, and General Talking Pictures Corp. v. American Tri-Ergon Corp., 3 Cir., 96 F.2d 800, the burden is on the appellant to show by clear and convincing evidence that the decision of the Commissioner of Patents is erroneous and that appellant is entitled to register the disputed trade marks.

"Upon principle and authority, therefore, it must be laid down as a rule that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction.

"Tested by that rule, the solution of this controversy is not difficult. * * * if doubtful, the decision of the patent office must control. * * *

"There is other testimony on both sides of this controversy. It is unnecessary to notice it in detail. It is enough to say that the testimony as a whole is not of a character or sufficient to produce a clear conviction that the patent office made a mistake in awarding priority of invention to the defendant; and because of that fact, and because of the rule that controls suits of this kind in the courts, we reverse the judgment, and remand the case, with instructions to dismiss the bill." Morgan v. Daniels, supra [153 U.S. 120, 14 S.Ct. 773, 38 L.Ed. 657].

Morgan v. Daniels, supra, involved a contest as to priority of invention in a patent matter but the principle is applicable to trade marks. United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S. Ct. 508, 68 L.Ed. 962.

■ The appellant failed to show manifest error in either of the two decisions of the Patent Office tribunals, nor was there evidence in the proceedings before the lower court sufficient to overcome their findings. In the current appeal error was not shown in the findings of the court below.

"As to priority, every tribunal of the Patent Office and the District Court has held against Jardine. The question is one of fact which has been settled by the special tribunal with power to decide that question. The decision of the Patent Office, therefore, must be accepted as controlling unless the contrary is established by testimony which in character and amount carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657. It suffices to say that there is no testimony in this record establishing that Jardine is prior to Berry." Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 522.

In the light of the above discussion, we therefore affirm the lower court's dismissal of the appellant's bill. See Bryson v. Clarke, Cust. and Pat. App., 92 F.2d 720; In re Percy Adamson, Cust. and Pat. App., 92 F.2d 717; Emerson Electric Mfg. Co. v. Emerson Radio and Phonograph Corp. et al., D.C., 24 F.Supp. 481, 485.

It is necessary, however, to modify that part of the interlocutory decree (paragraph 13) which grants appellee (defendant-counterclaimant below) the right to recover the penalties provided by Section 4, Act of June 20, 1901, of the Commonwealth of

490

Pennsylvania, P.L. 582, Title 73, § 6 of Purdon's Pennsylvania Statutes.[1]

■ The court below was without jurisdiction to impose the penalties provided by Section 4. First, the record is barren of any evidence of infringement in the Commonwealth of Pennsylvania. The statute provides for registration of trade marks in Pennsylvania and for the imposition of penalties upon infringement of trade marks thus registered. It not appearing that the appellant committed any act of infringement within the Commonwealth of Pennsylvania, it is clear that the penalties imposed by the Act cannot be recovered. Second, even though there were infringements of the appellee's trade marks in Pennsylvania, the court below, sitting as an equity court, could not impose the penalties of the Pennsylvania Act. The appellate courts of Pennsylvania have frequently ruled that penalties under the Act of 1901 cannot be imposed in an equity proceeding.

■ As was stated in the case of the United Drug Co. v. Kovacs, 279 Pa. 132, 137, 123 A. 654, 656:

"No decree can be made for the penalties provided by the act of 1901, since section 4, which is the only authority for their assessment (P.L.1901, pages 584, 585), says that they must be 'sued for in any court having jurisdiction of an action for a fine or penalty,' thus excluding a court of equity. * * *.

"We are aware that when a court of equity has once obtained jurisdiction, it will ordinarily round out the whole circle of controversy. McGowin v. Remington, 12 Pa. 56, 51 Am.Dec. 584; Hurst v. Brennen (No. 1) 239 Pa. 216, 86 A. 778, Ann. Cas.1914D, 428, but this principle cannot be extended to permit, in equity, a recovery based solely upon a statute, clearly specifying an entirely different jurisdiction for establishing the liability."

To the same effect was the decision in the case of B. V. D. Co. v. Kaufmann & Baer Co., 279 Pa. 152, 123 A. 656, which cites with approval United Drug v. Kovacs, supra.

In Geffen v. Baltimore Markets, Inc., 325 Pa. 509, 517, 191 A. 24, 28, the court said: "We find no merit in the contention that plaintiff should have sought his penalties in the equitable proceeding which was brought to restrain defendant from further violation. The principle that equity, once jurisdiction is obtained, will grant full relief, does not extend to recovery of the statutory penalty, because the act itself specifies that the suit must be brought 'in any court having jurisdiction of an action for a fine or penalty.' * * * *"

It may be noted in passing that in the Geffen case the penalty of two hundred dollars imposed by the Act applied to each store, so that in the present case, if there had been infringement in Pennsylvania—that is, if the products of the appellant had been sold in the Pennsylvania liquor store system—the penalty of two hundred dollars would have applied to each and every store, and since there are 580 liquor stores, that means that the amount recoverable might be $116,000—a crushing penalty.

■ Under Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are, of course, bound to apply the State rule in this respect.

As to the appellant's contention that the court below could not entertain and grant relief on the counterclaim:

That contention is without merit. It is based on the premise that the function of the Commissioner of Patents in administering the trade mark act is administrative in character, and that consequently the District Court, under Section 4915, acts only in a statutory administrative capacity and has no general equitable jurisdiction.

B. F. Goodrich Co. v. Kenilworth Mfg. Co., Cust. & Pat. App., 40 F.2d 121, on which the appellant relies, merely held that in a direct appeal to the U. S. Court of Customs and Patent Appeals, a court clothed with administrative powers only, that court has no equitable jurisdiction and cannot entertain a counterclaim. That decision is not pertinent to the issue here raised.

In Keller v. Potomac Electric Co., 261 U.S. 428, 440, 442, 443, 43 S.Ct. 445, 67

[1] Section 4, Act of June 20, 1901, P. L. 582, reads: "That any person or persons who shall hereafter wrongfully perform, or permit to be performed, any act expressly prohibited or declared unlawful by section three of this act, shall be subject to a penalty of two hundred dollars, to be sued for in any court having jurisdiction of an action for a fine or penalty by any person or persons, copartnership or corporation, aggrieved in the matter."

L.Ed. 731, and in Postum Cereal Co. v. California Fig Nut Co., 272 U.S. 693, 699, 700, 47 S.Ct. 284, 71 L.Ed. 478, the Supreme Court of the United States made it clear that while Congress, in its constitutional exercise of exclusive jurisdiction over the District of Columbia, may clothe the courts of the District of Columbia with legislative and administrative functions, it cannot do so with the courts of the United States which are constitutional courts established under Article 3 of the Constitution, U.S.C.A. The Postum Cereal Co. case makes plain the difference between powers of the Court of Customs and Patent Appeals, the Supreme Court of the United States, and the lower Federal courts.

■ "* * * A suit under section 4915 is 'an original independent action in which the questions in issue are tried de novo upon all competent evidence new and old.' * * *" General Talking Pictures Corp. v. American Tri-Ergon Corp. et al., supra, 96 F.2d at page 812.

[12] An action under Section 4915 is a bill in equity brought upon the equity side of the District Court. Under such proceeding the complainant may ask for the relief given him under section 4915 and general equitable relief in the same bill. The respondent may file an answer and set up new material by way of counterclaim.

■ Section 4915 gives the District Court the right to adjudge that a trade mark may issue within the frame of its equitable powers. See Utilities Service, Inc. v. Walker, 3 Cir., 78 F.2d 18; Burdick et al. v. Perrine et al., 8 Cir., 91 F. 2d 203; E. I. DuPont De Nemours & Co. v. Atlas Powder Co., D.C., 24 F.Supp. 263; Victor Talking Machine Co. v. Brunswick-Balke-Collender Co. et al., D.C., 279 F. 758.

■ In Utilities Service, Inc. v. Walker, supra, this court pointed out that Federal Equity Rule 30, 28 U.S.C.A. following section 723, relating to answers and counterclaims, makes mandatory the counterclaiming of any claim arising out of the same transaction which is the subject matter of the suit, and makes permissible the counterclaiming of any claim which might be the subject matter of an independent suit in equity against the plaintiff, "so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

"Equity Rule 30 was taken from or suggested by Order XIX, Rule 3, of the English Supreme Court of Judicature. It has always been held by the English courts construing that order that independent causes of action in equity wholly unconnected with the claim of the plaintiff may be counterclaimed.

"It was the purpose of the new equity rules to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts without evidence and by uniting in one action as many issues as could conveniently be disposed of therein. That the cases cited above declare the correct rule was settled by the Supreme Court in the case of American Mills Company v. American Surety Company of New York, 260 U.S. 360, 43 S.Ct. 149, 151, 67 L.Ed. 306. * * *" Utilities Service v. Walker, supra [78 F.2d 23].

As to that portion of the decree of the court below which grants appellee the right to recover penalties provided by the Act of June 20, 1901, of the Commonwealth of Pennsylvania, P.L. 582, Section 4 (Title 73, Section 6, of Purdon's Pennsylvania Statutes), the decree is reversed; in all other respects the decree of the court below is affirmed, and the cause is remanded for further proceedings consistent with this opinion.