**J. A. DOUGHERTY'S SONS, Inc., v. DOUGHERTY.**

Civil Action No. 800.

District Court, E. D. Pennsylvania.

May 12, 1941.

For former opinion, see 36 F.Supp. 149.

Beekman Aitken, of New York City, and Marshall A. Coyne and David J. Smyth, both of Philadelphia, Pa., for plaintiff.

Francis J. Walsh, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The defendant, Edwin L. Dougherty, has moved for amendment of findings of fact and conclusions of law prior to final decree in accordance with the Opinion in this case dated December 30, 1940, D.C., 36 F.Supp. 149. Some 78 exceptions to the Opinion have been filed.

■ It is my conclusion, after due consideration of the exceptions and argument of counsel thereon, that the conclusions of law should be amended to include the following: 8. The defendant is entitled to an injunction restraining the plaintiff from simulating the general design of defendant's original blended whiskey label.

The defendant has reiterated his contention for an award of damages consequent to the plaintiff's simulation of the defendant's label in sale of 140 cases of blended whiskey. In view of the infringing character of the defendant's use of the name "Dougherty's" on his label, though the plaintiff should be enjoined from usurpation of its general design to the continued confusion of the public in unfair competition with the defendant, the defendant is not entitled to damages. Also, the evidence indicates that determination of pecuniary loss for which damages could be computed would be largely dependent upon conjecture.

■ With regard to the urgent contention that the defendant, as a matter of law, is entitled to penalties provided by the Act of June 20, 1901, P.L. 582, § 4, 73 P.S. § 6, further explanation of my contrary conclusion appears necessary.

Primarily, it is my position that the prohibition against infringement of duly filed and registered labels, as contained in § 3 of the Act, 73 P.S. § 5, cannot be construed as extending protection to any other than genuine labels, labels which do not violate prior rights of one other than the registrant. In this instance, though the label registered was original in general design, it included as its dominatng feature a name under which the plaintiff had previously sold liquors. Furthermore, the defendant was aware of this circumstance before he

used his label in Pennsylvania, if not before he obtained registration of his label.

However, aside from the above considerations, I am decided that the case of Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486, demonstrates that this court, in the instant action, could not award penalties provided for by the Act.

For these reasons I am decided that an award of penalties for simulation is unwarranted.