## Frushon v. Pittston Township School District

*J. Earl Langan*, for plaintiffs.

*J. Justin Blewitt*, for school directors.

*Mitchell Jenkins*, for tax collector.

PINOLA, J., February 23, 1956.—Plaintiffs ask leave to add as defendants the five members of the School Board of Pittston Township and Don Wilkinson.

They, being taxpayers of Pittston Township, brought this action against the school district (1) to cancel a contract entered into by the district with Don Wilkinson as collector of delinquent taxes under the terms of which he was to receive 20 percent of all collections, and (2) to compel the repayment of $900 already paid to him.

Although the complaint was filed against the school district only, in the prayer plaintiffs seek action against "defendants" and they attempt to compel "such of (defendants) as voted for said payment . . . to account . . . for . . . the sum of $900.00".

This variance results from the fact that originally the complaint was drawn with the five directors named as defendants. Subsequently, plaintiffs' counsel drew lines through the names in all the exhibits and changed the complaint, naming the school district only as defendant. This is apparent from an examination of the complaint.

The case came to trial and after plaintiffs had rested their case and during the presentation of defendant's testimony, it became apparent that plaintiffs could not, under the pleadings, obtain the results for which they prayed. The proceedings were then halted in order to allow plaintiffs' counsel to take the necessary steps to make the individual directors and Don Wilkinson parties to the suit.

Upon presentation of a petition asking leave to make them parties, the directors and Don Wilkinson

filed answers denying the right of plaintiffs to take such action.

We have concluded that plaintiffs are entitled to make Don Wilkinson a party defendant but not the individual directors.

Under Pa. R. C. P. 2232(c): "At any stage of an action, the court may order the joinder of any additional person . . . who could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensible party to the action."

It is well established that all persons whose acts are sought to be restrained by an injunction or whose rights will be affected thereby are necessary parties to the complaint, and where the object of the suit is to enjoin the payment of móney, it is necessary to join as party defendant the person who would be the recipient of such money if it should be paid.

Moreover, all parties to a contract are ordinarily indispensable parties to a complaint in equity to enjoin its performance: 30 C. J. S. 576, §143.

In Shultz v. City of Reading, 45 Berks 251, where taxpayers sought to restrain the city and certain office holders from carrying out in any manner an agreement between the City of Reading and the Reading Housing Authority, the court held the authority to be an indispensable party to the proceedings inasmuch as it was a party to the contract in suit and the determination of the suit against the municipality would not be res judicata of the rights under the contract of the housing authority. So here, no decree which this court might enter against the school district of the township would be res judicata of the rights of Don Wilkinson.

In Bell v. Feeney, 59 Montg. 279, although all the testimony had been taken, the court stayed the proceedings to permit the addition of another party defendant.

We appreciate that the added party must not be prejudiced by the fact that he was not made a party earlier in the action and it may be necessary to start the hearing de novo. However, since counsel for Don Wilkinson participated in the hearing, that may not be required.

We point out, in passing, that it may well be that as to the payment heretofore made, Don Wilkinson, having been appointed delinquent tax collector, would be in the same category as the school directors and this court might, therefore, be precluded from considering the same in these proceedings. However, he must be made a party defendant if future payments to him are to be enjoined.

With reference to the school directors the situation is different. They cannot be made parties defendant in order to compel them to reimburse the school district for the $900 they voted to pay Wilkinson, and this is so because the Public School Code of March 10, 1949, P. L. 30, provides a method and proceeding for surcharge.

The Public School Code of March 10, 1949, P. L. 30, and amendments, 24 PS §1-101 et seq., provide a complete remedy for plaintiffs. Section 2401, 24 PS §24.2401, provides for the audit, section 2403, 24 PS §24-2403, gives the auditors the power of subpoena, section 2406, 24 PS §24-2406, authorizes them to surcharge persons voting for improper payments, section 2441, 24 PS §24-2441, governs the making of the audit and its filing and section 2451, 24 PS §24-2451, provides for an appeal from the auditors' report. Sections 2452 to 2455, inclusive, 24 PS

§24-2452-2455, inclusive, regulate the proceedings in court on appeal.

This remedy is not only complete and adequate, but is also the exclusive remedy available to plaintiffs.

Section 13 of the Act of March 21, 1806, P. L. 558, 46 PS §156, provides that: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

While, as counsel for petitioners points out, the court did hold in Chevra, A. C. A. C., v. Philadelphia, 116 Pa. Superior Ct. 101, that this Act of 1806 has no application to equity proceedings, because there were no courts of equity in Pennsylvania when it was passed, our Supreme Court has held otherwise in Derry Twp. School Dist. v. Barnett Coal Co., 332 Pa. 174, 177; Kane v. Morrison, 352 Pa. 611, 612, and Barth v. Gorson, 383 Pa. 611, 615.

Counsel also insists that since equity has jurisdiction to enjoin the operation of the illegal contract of employment, it can also direct defendant school directors to repay the moneys already paid to Wilkinson under the contract upon the principle that equity having assumed jurisdiction for one purpose will retain it for all purposes, even though it adjudicates questions, which in the first instance, would not have warranted a court of chancery in assuming jurisdiction. The answer to this argument is given by Justice Bell in Gardner v. Allegheny County, 382 Pa. 88, 117, in these words:

"While there is a well established general principle that once equitable jurisdiction has attached, equity can round out the whole circle of controversy and thus

do *complete* justice between the parties . . . nevertheless, this principle cannot be extended and gives no power or jurisdiction to a Court of equity to grant relief in matters in which a specific and adequate remedy or different jurisdiction is provided by statute: United Drug Co. v. Kovacs, 279 Pa. 132, 123 A. 654; Century Distilling Co. v. Continental Distilling Co., 106 F. 2d 486."

In Bevington v. School District of Coraopolis, 96 Pitts. L. J. 155, taxpayers sought through a bill in equity to restrain a school board from paying the salary of a supervising principal and to surcharge the members of the board for the payments which had been made, although there were no averments of fraud, bad faith or reckless disregard of the rights and duties of the school board. The court, after an exhaustive opinion (12 pages) sustained the preliminary objections and dismissed the bill giving two reasons, (1) that it could not interfere with the discretion of the school directors, and (2) that the legislature had made available a single and exclusive remedy in the premises, to wit, by appeal from the annual auditors' report.

Under the circumstances, we cannot add the individual directors as parties defendant.

Accordingly, we enter the following

### Order

Now, February 23, 1956, at 1 p.m., (1) the rule to show cause why Don Wilkinson should not be added as a party defendant is made absolute, plaintiffs are permitted to amend their complaint, and they are directed to make service upon Don Wilkinson as if he had originally been named a party defendant, and (2) the rule to show cause why Patrick Solano, Louis Marino, Joseph Mullen and Thomas Fino should not be made parties defendant is discharged.