## Commonwealth v. Devlin

*B. Mendelsohn, J. R. Rezzolla* and *D. E. Abrahansen,* for plaintiff.

*Robert E. Knupp,* for defendant.

SOHN, J., August 22, 1960.—On March 18, 1959, the Commonwealth, acting through its Department of

Highways, filed suit against William R. Devlin to prevent him from interfering with certain drainage which had been installed by the Department of Highways along the land of defendant on Legislative Route 15119 in Chester County.

To the complaint defendant filed an answer denying that he was interfering with the drainage which had been installed by the State Highway Department and filed a counterclaim under Pa. R. C. P. 1510. In the answer defendant alleges that he obtained title to this land by a deed dated March 9, 1944, and recorded in the office of the Recorder of Deeds for Chester County in Deed Book N, vol. 21, page 125. In the counterclaim he contends that the drainage installed by the Department of Highways has interfered with the natural drainage of his property and has resulted in a substantial erosion of the top soil. He asks that the Commonwealth make such changes in its present system of drainage as will be in keeping with the natural contour of his lands and that it carry such drainage along the natural lines provided therefor. He also asks that the Commonwealth be forced to cease and desist from unnaturally dumping the surface water on his lands into the channel provided by the State Highway Department and that we order the Commonwealth to pay proper damage to defendant for the injury and destruction of his lands caused by the allegedly improper and unnatural drainage created by plaintiff.

To the counterclaim the Commonwealth has filed preliminary objections raising a question of jurisdiction, but it also sets up the defense that defendant in his counterclaim is barred by laches from obtaining equitable relief.

With respect to the land in question, the complaint alleges that a plan was approved by the Governor of the Commonwealth under date of October 26, 1932, and that several drainage structures, consisting of

18-inch cast iron pipes, were installed by the Department of Highways, Commonwealth, plaintiff, at certain designated stations along legislative route 15119 in Chester County, during the construction of said highway route. The complaint also alleges that defendant's land was acquired on March 9, 1944, and this is admitted by him. The complaint further goes on to say that at various times, subsequent to the acquiring of the property by defendant, defendant did knowingly, willfully and unlawfully, place fills at the mouths of said 18-inch pipes, preventing them from functioning properly, and thereby disturbing and changing the natural flow of the drainage waters. This interference of defendant necessitated plaintiff's employes entering upon defendant's lands to clear said pipes in the manner provided by law. The complaint further alleges that defendant has continuously interfered with the aforesaid drains, and that on or about November 25, 1958, he drove steel bars into the ground, built forms and poured concrete at the mouth of plaintiff's cast-iron pipes at a point where the drainage flows onto the lands owned by defendant as aforedescribed.

The first contention of the Commonwealth is that the Court lacks jurisdiction to entertain the counterclaim filed by defendant. With this we agree. Article I, sec. 11, of the Pennsylvania Constitution provides, in part, that: ". . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

In Merner v. Department of Highways, 375 Pa. 609, (1954) it is held that the Secretary of Highways is the head of an executive department of the Commonwealth. This case further holds that: ". . . ' "it is axiomatic that a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. Baker et al. v.

Kirschnek et al., 317 Pa. 225; Commonwealth v. Trunk et al., 320 Pa. 270; see 59 C. J. 1103, §653" ' . . ."

The legislative intent to permit an action against the Commonwealth to be maintained must be clear. And as also held in Merner v. Department of Highways, supra, ". . . when the legislature has such an intention it will clearly express it in a statute. It is not for us to deprive the State of any part of its sovereignty."

The legislature has provided by the State Highway Law of June 1, 1945, P. L. 1242, article IV, sec. 417, as follows:

"The department shall have authority to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads, highways, or within, at the top, or base of, slope areas, constructed or improved at the expense of the Commonwealth or under its supervision. Any damages sustained by the owner or owners of land entered upon by the department for such purposes, shall be paid in the same manner as provided by this act in the construction of State highways. The determination of the amount of damages shall be in accordance with the provisions of Article III of this act."

The remedy provided in article III is a petition to the court of quarter sessions for the appointment of viewers: Act of June 1, 1945, P. L. 1242, article III, sec. 303.

It thus appears that the legislature has provided a specific remedy for this type of situation by statute, and defendant should be required to pursue that remedy, rather than by an action in equity. Inasmuch as he has held title to the property since 1944, and the bill in equity complains that he repeatedly blocked

these drains as late as November 25, 1958, we have considerable doubt now that defendant, if he had an action under the statute providing for damages, could now maintain it since six years have evidently passed from the time of the interference with his flow of water.

We are well aware that there is a well-established general principle that, once equitable jurisdiction has attached, equity can round out the whole circle of the controversy and thus do complete justice to the parties. However, this principle cannot be extended and gives no power or jurisdiction to a court of equity to grant relief in matters for which a specific and adequate remedy or different jurisdiction is provided by statute. This is clearly held in Gardner v. Allegheny County, 382 Pa. 88, 117, 118 (1955). This case, in referring to the Act of Assembly providing for the appointment of viewers, holds:

". . . nowhere in the Act is there any provision for a Court in Equity to fix and determine the value of plaintiffs' property. . . 'A board of view is not a common law remedy; it exists only where it has been provided for by statute: . . . *In the situations for which it has been provided, it is the only available remedy:* Power v. Borough of Ridgway, 149 Pa. 317, 318, 24 A. 307; and McKee v. City of Pittsburgh, 7 Pa. Superior Ct. 397, 400; . . . ' "

The case of Gardner v. Allegheny County, supra, also holds that:

"While there is a well established general principle that once equitable jurisdiction has attached, equity can round out the whole circle of controversy and thus do *complete* justice between the parties: See: Wortex Mills, Inc. v. Textile Workers Union of America, 380 Pa. 3, 109 A. 2d 815, and cases cited therein; nevertheless, this principle cannot be extended and gives no

power or jurisdiction to a Court of equity to grant relief in matters in which a specific and adequate remedy or different jurisdiction is provided by statute: United Drug Co. v. Kovacs, 279 Pa. 132, 123 A. 654; Century Distilling Co. v. Continental Distilling Co., 106 F. 2d 486."

For other cases bearing upon the right of individuals to sue the Commonwealth, see Way v. Secretary of Highways, 19 Del. Co. 384; Davis v. Secretary of Highways, 20 Del. Co. 146; Brown v. Hughes, Secretary of Highways, 58 Montg. 246.

The Commonwealth has interposed a preliminary objection also that defendant, even if he were able to sue the Commonwealth, would be barred from prosecuting his counterclaim because of laches.

Pennsylvania Rule of Civil Procedure No. 1509(b) provides that the objection of laches may be raised by preliminary objection. This is especially true where it is apparent on the face of the pleadings that laches exists. See Hunter v. Long, 13 Del. Co. 22; Shovlin v. Welsh, 43 Luz. 153. In his counterclaim, defendant admits that he held this property since March 9, 1944, and that he has had knowledge of this condition ever since that date. Notwithstanding this, the counterclaim was not filed until April 29, 1959, or more than 15 years subsequent to that time.

The law is clear that one who fails in the diligent prosecution of an action is guilty of laches which will bar his relief in equity: Grange National Bank of McKean County v. First National Bank of Bradford 330 Pa. 1. This would be particularly true where the lack of diligence would result in prejudice to the other party. In this case, defendant seeks to have the Commonwealth pay proper damages for injury and destruction to his land. Certainly the Commonwealth would be prejudiced by defendant's failure to prosecute such action until more than 15 years after the

right accrued, for the Commonwealth is now being asked to pay damages for an alleged trespass which has continued for more than 15 years. Had this question been raised 15 years ago, then if the court had ruled against the Commonwealth, the Commonwealth could have remedied the situation and the damages would have been substantially less than they would be now if the defendant were successful.

In view of all that we have heretofore said, we now make the following.

### Order

And now, to wit, August 22, 1960, the preliminary objections filed by the Commonwealth, Department of Highways, to the counterclaim filed by defendant are hereby sustained. Judgment is hereby entered in favor of plaintiff and against defendant in his counterclaim.